UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TOUCHSTREAM TECHNOLOGIES, INC., :

                    Plaintiff,   :

            v.             :

VIZBEE, INC.,                :

                  Defendant.  :
---------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/10/19

**MEMORANDUM AND ORDER**

17-CV-6247 (PGG) (KNF)

Before the Court is the plaintiff's unopposed request to file under seal the plaintiff's: (a)

motion for leave to file a second amended complaint, including Exhibits A-D; and (b) reply,

including Exhibits E-F. See Docket Entry Nos. 118, 127 and 134. The plaintiff contends that

filing under seal is warranted because the parties "are competitors in a fast-growing and

competitive industry" and the documents at issue contain the defendant's "confidential financial

and internal proprietary information," which "would cause serious and irreparable harm" to the

defendant if disclosed to the public. In support of its request, the plaintiff submitted a

declaration by its counsel, stating that "[i]f the information contained in [the plaintiff's motion]

were to be available to the public, competitors could use such information to [the defendant's]

detriment." According to the plaintiff, sealing is warranted in light of "the serious risk of

competitive harm and the lack of any public interest in the confidential details" of the

defendant's documents.

The presumption of public access attaches to judicial documents under "[t]he common

law right of public access to judicial documents," which "is firmly rooted in our nation's

history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). A document

1

is judicial when it is "relevant to the performance of the judicial function and useful in the judicial process." Id. (citation omitted). The weight given to the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" Id. at 120 (citation omitted). The "countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. (citation omitted). "[T]he public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" Id. (citation omitted). Two standards exist in this circuit for determining whether the public and the press will receive the protection afforded by the First Amendment in seeking access to certain judicial documents: (1) "experience and logic," which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question'"; and (2) "the extent to which the judicial documents are 'derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings.'" Id. (citations omitted).

The motion papers submitted for the Court's consideration by the plaintiff are judicial documents to which a strong presumption of access attaches. See id. at 121 ("documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."). The plaintiff contends that the competing interest to be balanced against the strong presumption of access is the defendant's interest in its

2

"confidential financial and proprietary information" that "would cause serious and irreparable harm" to the defendant if disclosed publicly. However, other than making conclusory assertions, the plaintiff failed to submit any evidence in support of its contentions. The plaintiff's counsel has no personal knowledge for his conclusory opinion that, "[if] the information contained in [the plaintiff's motion] were to be available to the public, competitors could use such information to [the defendant's] detriment," as he is neither employed by nor has any relationship to the defendant.

The plaintiff relies on Apple Inc. v. Samsung Electronics Co., 727 F.3d 1214 (Fed. Cir. 2013) to support its contentions. In that case, based on the analysis of the parties' interests in keeping detailed, product-specific information confidential, supported by detailed declarations of the parties' employees, the court concluded that, if the parties' "suppliers have access to the [parties'] profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." Id. at 1225. Unlike in Apple Inc., no affidavit or declaration was submitted by an employee(s) of the defendant explaining the measures taken by the defendant to keep the information sought to be protected confidential and describing the nature and extent of the harm the defendant would suffer if the information sought to be protected were made public. See id. at 1223-24 (both parties' employees filed declarations which "explained the measures the two companies take to keep their product-specific financial information confidential" and "described the harm they would suffer if their product-specific financial information were made public and therefore available to their competitors and suppliers.").

Notwithstanding the plaintiff's failure to support its motion by evidence, the Court has reviewed the information sought to be protected by the plaintiff and finds that it is not the type of

3

information that tips the balance against the strong presumption of access. A significant part of the portions of documents sought to be redacted consists of conclusory assertions. Exhibit A to the declaration of the plaintiff's counsel contains the proposed second amended complaint, which the plaintiff seeks to file under seal, albeit not explicitly. However, part of the proposed second amended complaint the plaintiff seeks to redact contains factual assertions about the defendant made "[o]n information and belief." The plaintiff failed to make citation to any authority warranting redaction of its allegations in the complaint and filing it under seal.

For the foregoing reasons, the plaintiff's request to file its motion for leave to file second amended complaint under seal, Docket Entry Nos. 118, 127 and 134, is denied. The Clerk of Court is directed to close as moot Docket Entry No. 119.

Dated: New York, New York
    May 10, 2019

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

4