UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TOUCHSTREAM TECHNOLOGIES, INC., :

                Plaintiff, :

        v. :

VIZBEE, INC., :

              Defendant. :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE



**MEMORANDUM AND ORDER**

17-CV-6247 (PGG) (KNF)

      Before the Court is plaintiff Touchstream Technologies, Inc.'s ("Touchstream") motion for "leave pursuant to Rules 15, 16, and 21 of the Federal Rules of Civil Procedure to File Second Amended Complaint" to add Darren Feher ("Feher") and Prashanth Pappu ("Pappu"), co-founders of defendant Vizbee, Inc. ("Vizbee"), "as defendants in this case as personally liable for inducing Vizbee's infringement of the Patents-in-Suit." The defendant opposes the motion.

### PLAINTIFF'S CONTENTIONS

      The plaintiff seeks to add claims against Feher and Pappu "[a]s a result of new facts recently discovered during expert discovery," asserting:

> Touchstream submitted an expert report addressing the quantum of compensation to which Touchstream is entitled as a result of Vizbee's infringement. Touchstream's damages expert opined that the reasonable royalty damages that Vizbee should pay in this matter if liability is found is a range between $1 million to over $8 million based on certain identified factors. In response to this damages claim, Vizbee's counsel suggested during expert deposition questioning last month that Vizbee does not have adequate funds to pay even a reasonable royalty as damages. Vizbee's counsel takes the position that Touchstream's damages claims are unreasonable because if Vizbee had to pay them, then Vizbee would be driven into bankruptcy based upon its balance sheet. . . . Through [Touchstream's expert's] deposition, Vizbee's counsel has now made clear that Vizbee is taking the position that Vizbee as a company, cannot satisfy certain adverse judgments above a threshold amount that may result from the case.

1

The plaintiff contends that the amended complaint is not futile because it asserts that "Feher and Pappu control Vizbee" and, "before filing this action, [they] have intentionally induced infringement" of those patents by Vizbee while having "actual knowledge": (a) of Touchstream's patent Nos. 8,356,251, 8,782,528 and 8,904,289; and (b) "that their actions would induce Vizbee to directly infringe" those patents "with intent to cause that inducement." According to the plaintiff, Feher and Pappu "should be added as parties so that they may be held jointly and severally liable for inducing infringement of Touchstream's Patents-in-Suit." The plaintiff asserts that Vizbee, Feher and Pappu will not be prejudiced by the amendment because: (1) "no additional discovery is needed as the facts and allegations underlying the induced infringement claims against" Feher and Pappu arise out of the same facts underlying the infringement claims against Vizbee; and (2) the amendment will not cause any significant delay. The plaintiff contends that it acted diligently in seeking leave to amend because it was unaware of Vizbee's "position that Vizbee, as a company, cannot satisfy adverse judgments above a threshold amount that may result from the case, and thus Vizbee may try to escape financial responsibility for any damages resulting from this case by claiming insufficiency of funds."

**DEFENDANT'S CONTENTIONS**

The defendant contends that the plaintiff did not show good cause for its untimely proposed new allegations against Feher and Pappu because: (a) when it commenced this action, it already had all the facts about Feher's and Pappu's role at Vizbee that form the basis for new claims against them; and (b) it "had ample opportunity to obtain discovery on Vizbee's finances and the knowledge of its executives during fact discovery but failed to uncover any facts that would support a claim of inducement." The defendant asserts that the plaintiff was not diligent in seeking to add Feher and Pappu as defendants, since it has been aware of the underlying facts

2

it references to justify the amendment, since at least August 2017. For example, in late 2016, the plaintiff came into possession "of a Vizbee slide deck" listing Feher and Pappu as its "founding team," and the defendant identified their roles in its January 31, 2018 initial disclosures. Moreover, at his July 2018 deposition, Pappu testified at length about the technical aspects of the Vizbee platform, and nothing prevented the plaintiff from naming Feher and Pappu as defendants initially or seeking to add them before September 14, 2018, the deadline to add parties and amend the pleadings. The defendant contends that the plaintiff was or should have been aware of the defendant's general financial situation shortly after filing this action and during fact discovery and, in December 2017, Feher and Pappu testified about their salaries and their roles in the company. The defendant maintains that the purported discovery that Vizbee would be unable to pay damages is unrelated to whether Feher's and Pappu's control over Vizbee may give rise to a claim against them as individuals for induced infringement, and the plaintiff failed to identify any new facts supporting its proposed inducement claims against Feher and Pappu. Furthermore, the plaintiff's expert did not opine about Vizbee's alleged inability to satisfy a judgment, and no evidence of anything the plaintiff's expert stated was submitted by the plaintiff to support its contentions; rather, the plaintiff's "attorney['s] questions—not newly discovered facts— 'suggest[ed]' a need for an amended complaint." According to the defendant, the claims against Feher and Pappu are futile because the proposed amendment fails to plead any factual allegations showing that Feher and Pappu had the specific intent to cause infringement, and the defendant would be prejudiced severely by the late amendment, given that discovery has closed.

### PLAINTIFF'S REPLY

The plaintiff contends that "none of the central facts were disclosed to Touchstream until after the September 14, 2018 deadline to amend the pleadings," since Vizbee produced its

3

financial information and provided Feher and Pappu for depositions after that date. According to the plaintiff, Feher disclosed at his deposition that he and Pappu "were actively seeking to expand Vizbee's infringement by targeting an additional four to five customers that he was 'confident' would be Vizbee customers by the end of 2018." Moreover, "during expert discovery," Vizbee "affirmatively asserted that its financial condition had worsened and that it could not pay the damages sought in this case because it no longer had the money to do so. Upon learning this new, contradictory information from Vizbee," the plaintiff made this motion diligently. The plaintiff contends that no prejudice exists since any information the defendant needs "can come from its own witnesses." The plaintiff maintains that the amendment is not futile because it contains specific factual allegations that Feher and Pappu "knew of the Patents-in-Suit no later than April 21, 2017," and, despite that knowledge, "proceeded to enter into a master agreement with a customer to integrate its infringing Vizbee Platform into the customer's products."

## LEGAL STANDARD

Once the time for amending the pleadings as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). "The burden to explain a delay is

4

on the party that seeks leave to amend." MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir. 1998).

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> Where, as here, a scheduling order governs amendments to the complaint, "the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order '[may] not be modified except upon a showing of good cause.'" Whether good cause exists turns on the "diligence of the moving party."
>
> Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009) (citations omitted).

While diligence is "the primary consideration" in determining whether the moving party satisfies the "good cause" requirement of Rule 16(b), a district court "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner v. 2nd Avenue Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007). "A party fails to show good cause when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'" Perfect Pearl Co. v. Majestic Pearl & Stone, 889 F. Supp.2d 453, 457 (S.D.N.Y. 2012) (citation omitted).

After the moving party demonstrates diligence under Rule 16, the Rule 15 standard applies to determine whether the amendment is proper. See Nairobi Holdings Ltd v. Brown Brothers Harriman & Co., No. 02 Civ. 1230, 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006) ("The standards of Rule 16(b) must be met first and can not be short-circuited by an appeal to those of Rule 15(a).") (quotation marks and citation omitted). "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

5

## APPLICATION OF LEGAL STANDARD

The January 29, 2018 scheduling order governs the joinder of additional parties and amendment of the pleadings as follows: "Except for good cause shown, any motion to join additional parties must be filed by September 14, 2018," and "[e]xcept for good cause shown, any motion to amend pleadings must be filed by September 14, 2018." Thus, the plaintiff must establish good cause to join Feher and Pappu and amend the complaint, given that the time to join additional parties and to amend the pleadings expired on September 14, 2018.

### *Good Cause*

Although the plaintiff asserts that it seeks to add claims against Feher and Pappu "[a]s a result of new facts recently discovered during expert discovery," it fails to identify the facts it alleges it learned for the first time "during expert discovery" that: (a) form the bases for the proposed inducement of infringement claims against Feher and Pappu; or (b) bear on the liability of the proposed additional defendants. Transcript pages from the depositions of the plaintiff's expert, Feher and Pappu, submitted in support of the plaintiff's motion, do not show that the plaintiff learned any facts, previously unknown, bearing on Feher's and Pappu's liability for the proposed inducement of infringement claims.

The plaintiff identifies, as a reason for adding claims against Feher and Pappu, the suggestions made by the defendant's counsel through deposition questions of the plaintiff's expert witness, concerning the defendant's ability to pay damages. However, counsel's suggestions are not facts. Whether and to what extent the defendant will be able to pay damages, if it is found liable by the trier of facts, is not relevant to the: (i) facts underlying the elements of the proposed inducement of infringement claims against Feher and Pappu; and (ii) factors that must be considered in determining good cause. Having failed to identify any new facts unknown

to the plaintiff prior to the deadline to amend the complaint, September 14, 2018, that form the bases of its proposed inducement of infringement claims against Feher and Pappu, the plaintiff failed to establish that it acted diligently in amending the complaint.

The plaintiff asserts that no prejudice will attend the defendant or any proposed defendant because "the information can come from [the defendant's] own witnesses." However, discovery closed in this action, including factual discovery which closed on October 6, 2018. Amending the complaint at this time would prejudice Vizbee, Feher and Pappu by depriving them of an opportunity to conduct any discovery in connection with the plaintiff's proposed inducement of infringement claims, which entail elements not present in the original infringement claims. The plaintiff did not explain what, if anything, prevented it from learning timely about the defendant's ability to pay damages should the plaintiff prevail. The plaintiff's contention that no prejudice would attend the defendant or any proposed defendant because "the information can come from [the defendant's] own witnesses" is rejected as meritless. The Court finds that the plaintiff did not establish good cause to amend the complaint. See Perfect Pearl Co., 889 F. Supp.2d at 457.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to amend the complaint, Docket Entry No. 111, is denied. The parties are directed to file, unredacted, all documents in connection with the plaintiff's motion that were previously redacted and not filed.

Dated: New York, New York
       July 23, 2019

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE